UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, et al.<br> Plaintiffs, | :<br>:<br>: | |
| v. | :<br>: | C.A. No. 22-124WES |
| GOVERNOR GINA RAIMONDO, et al.,<br> Defendants. | :<br>: | |

**REPORT AND RECOMMENDATION**
**RECOMMENDING SUMMARY DISMISSAL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

  Plaintiff Manetirony Clervrain, a former federal prisoner who currently resides in Indiana, is a prolific litigant[1] who has filed yet another complaint in this Court pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. This is the third case Plaintiff has filed in the District of Rhode Island; the first two were summarily dismissed at screening. Clervrain v. Griffin, C.A. No. 22-00111-MSM-LDA, 2022 WL 873598, at *1 (D.R.I. Mar. 24, 2022) ("Clervrain I"); Clervrain v. Raimondo, C.A. No. 20-535WES, 2021 WL 149073, at *1 (D.R.I. Jan. 15, 2021), adopted sub nom., Clervrain v. McKee, 2021 WL 1531464 (D.R.I. Apr. 19, 2021) ("Clervrain II"). Clervrain I was dismissed two days after it was filed because the complaint's allegations were frivolous and "do not support any viable claim for relief." 2022 WL 873598, at *1. Clervrain II was dismissed summarily "for failure to state a claim and as frivolous." 2021 WL 149073, at *3.

---

[1] PACER reflects that Plaintiff has brought 193 cases in federal courts across the country.

The instant complaint differs from Clervrain II, but is similar to Clervrain I, in that Plaintiff purports to bring it on behalf of himself and another individual (Fridelyne Maisoneuve). Further, unlike Clervrain II, but similar to Clervrain I, Plaintiff names a host of (fifty-five) Defendants in the caption yet mentions not one of them in the text of the pleading. As best the Court can ascertain, the named Defendants appear to be current and former governors of Rhode Island, members of the Rhode Island delegation for the United States Congress and Senate, Rhode Island state legislators and other Rhode Island state government officials. Otherwise, the substantive allegations in this case are essentially the same as those found to be deficient in Clervrain I and Clervrain II.

Along with his complaint, Plaintiff filed a thirty-one-page document entitled Motion for Mitigating *Financial Burden* of ("*IFP*") Constitutional Issues by Massive Issues ["*Right Aggravated*"] Treatment Act, part of which the Court has interpreted as a motion to proceed in forma pauperis ("IFP"). ECF No. 2. This IFP motion has been referred to me for report and recommendation.[2] Based on my review, I conclude that Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1). However, because of the IFP application, this case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Consistent with his pattern in other cases, Plaintiff's allegations are rambling and incomprehensible; he appears vaguely to assert that he and Fridelyne Maisoneuve are being exposed to genocide by a criminal enterprise. ECF No. 1. Fatal to the viability of the case is

---

[2] Also referred are nine other motions. If the Court adopts my recommendation of summary dismissal of Plaintiff's complaint, I recommend that these be denied as moot. See n.3 *infra*.

Plaintiff's failure to make any attempt to explain how the Defendants he names are conceivably responsible for whatever constitutional or federal statutory injury he is alleging.  E.g., Clervrain I, at *1 ("[h]aving named more than 50 defendants, the [p]laintiffs have not explained who most of them are, and they include no allegations suggesting that any of the defendants violated plaintiffs' rights under federal law"; dismissed as frivolous); Clervrain v. Marin, Case No.: 20-CV-925 JLS (RBB), 2020 WL 5408581, at *2-3 (S.D. Cal. Sept. 9, 2020) (plaintiff names former state official as defendant, "but does not explain who [he] is, where he resides, or what constitutional injury he had inflicted"; dismissed as frivolous).  Based on this deficiency and the reality that this is the third time this Court has dealt with a similarly flawed pleading, I recommend that the complaint be summarily dismissed for failure to state a claim and as frivolous.  Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013) (complaint that is "patently meritless and beyond all hope of redemption" may be summarily dismissed without leave to amend).

As to the purported joinder of Fridelyne Maisoneuve, "[a]s a *pro se* litigant, Plaintiff is barred by DRI Local Rule 205(a)(2) from 'represent[ing] any other party.'"  Silva v. Rhode Island, No. CV 19-568JJM, 2021 WL 3617103, at *1 (D.R.I. Aug. 16, 2021) (quoting DRI LR Gen 205(a)(2)).  This principle is consistent with the applicable federal statute.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").  If Fridelyne Maisoneuve wishes to bring a case, they may do so on their own.  Plaintiff cannot represent them.

Based on the foregoing, I recommend that the Court summarily dismiss the complaint for failure to state a claim and as frivolous and deny the IFP motion, as well as Plaintiff's nine other

miscellaneous motions, as moot.³  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 19, 2022

---

³ The nine miscellaneous motions that should be denied as moot are as follows: Motion(s) for ["The *Answer Act*"] ("TAA") or ["*Additional Defendants*"] Act ("ADA") by the Treaties Movement Protective Act ("TMPA") (ECF No. 3); Motion for Extraordinary Remedy Act ("ERA") or Circumstances to Compell Process by the ANT(s) Reform Multiplicity Act ("TARMA") (ECF No. 4); Motion for ["*Alien Status*"] or ["*Pauperis Status*"] of Criteria to Consider by Invoking the ANT(s) Movement Act ("TAMA") (ECF No. 5); Motion for ["*Opposition(s)*"] or ["*Criminal Intent(s)*"] and/or ["*Malicious*"] Against Freedom of Speech(s), by the ANT(s) Freedom Act ("TAFA") (ECF No. 6); Motion for "Common Sense" or Access to the *Informative Legal* Materials or Opposition by ["*The ANT(s)*"] Library Act ("TALA") (ECF No. 7); Motion for Congressional Power and Apex Disposition Concerns by Invoking the Detainee(s) Issues Freedom Treatment Act ("DIFTA") (ECF No. 8); Motion for ["*Unreasonable Classification(s) Act*"] by Compelling Performance Movements on Crimes Mitigating Act ("MOCMA") (ECF No. 9); Motion(s) for ["*Collateral Attacks*"] or "*Compelling*" or Opposition(s) Mental Cruelty Act by the Nationality Protective Act ("NPA") (ECF No. 10); Motion for ["*Right Venue Act*"], ["BE"] ["Clear Consolidated Act"] by Victim of Crimes Against Various Officials Apartheid (ECF No. 11).