UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br>    Plaintiff,<br><br>v.<br><br>DANIEL J. MCKEE, in his official capacity as Governor of the State of Rhode Island,<br>    Defendant. | C.A. No. 20-535WES |
| MANETIRONY CLERVRAIN, et al.,<br>    Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, et al.,<br>    Defendants. | C.A. No. 22-124WES |

**REPORT AND RECOMMENDATION
RECOMMENDING DENIAL OF MOTIONS TO REOPEN AND ENTRY OF ORDER
BARRING FURTHER FILINGS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se*[1] Plaintiff Manetirony Clervrain, a prolific filer of frivolous cases, has filed a pair of motions to reopen three cases that he unsuccessfully filed in this Court in 2020 and 2022. Clervrain v. McKee, 20-cv-00535WES (Clervrain I); Clervrain v. Griffin, 22-cv-00111MSM (Clervrain II); Clervrain v. Raimondo, 22-cv-00124WES (Clervrain III).[2] In each of the three

---

[1] In considering Plaintiff's arguments, the Court has afforded Plaintiff the leniency due to any *pro se* litigant. See De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

[2] In first filed of Plaintiff's motions, he lists a civil action number – 22-cv-379 – that correlates to a case (ABL v. Providence Public Schools) that has nothing to do with him. See ABL v. Providence Public Schools, C.A. No. 22-

cases, judgment entered against Plaintiff for failing to state a claim and as frivolous well more than a year ago.  Clervrain III, C.A. No. 22-124WES, 2022 WL 1157475, at *2 (D.R.I. Apr. 19, 2022), adopted by text order (D.R.I. May 10, 2022); Clervrain II, C.A. No. 22-00111-MSM-LDA, 2022 WL 873598, at *1 (D.R.I. Mar. 24, 2022); Clervrain I, C.A. No. 20-535WES, 2021 WL 1531464, at *1 (D.R.I. Apr. 19, 2021).  On October 11, 2024, in Clervrain II, the Court entered an Order barring Plaintiff from further filings: "As this matter was dismissed two and a half years ago, this matter is closed, and the Plaintiff shall not make any additional filings in this matter.  The Clerk is directed to return any future proposed filing with a copy of this order." Clervrain II, Text Order of Oct. 11, 2024.  Accordingly, these motions to reopen are now pending only in Clervrain I (docketed as ECF Nos. 12 and 13) and Clervrain III (docketed as ECF Nos. 15 and 16).

All four iterations of the motions have been referred to me.  I have interpreted them as arising pursuant to Fed. R. Civ. P. 59(e) and 60(b), which allow a motion to alter or amend a judgment or to relieve a party from a final judgment in specified circumstances within specified time limits.  Specifically, a motion pursuant to Fed. R. Civ. P. 59(e) must be brought within twenty-eight days of the entry of judgment, while a Fed. R. Civ. P. 60(b) motion must be brought within "a reasonable time," in most instances "no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c)(1); see Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993) (sixteen-month delay in filing Rule 60(b) motion unreasonable because movants had "no valid excuse for having dawdled an additional fourteen months before alerting the district court to the changed circumstances"); City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS

---

379WES, 2023 WL 7279304, at *1-5 (D.R.I. Nov. 3, 2023) (describing claims and factual background).  This incorrect civil action number does not appear in the second iteration of Plaintiff's motions.  The Court has ignored the reference.

Health Corp., 541 F. Supp. 3d 231, 233 (D.R.I. 2021) (Rule 59(e) motion timely when brought within twenty-eight days of entry of judgment). Because the denial of Plaintiff's motions to reopen is potentially dispositive of a claim, I am addressing them by report and recommendation. See, e.g. Bogosian v. Rhode Island Airport Corp., C.A. No. 17-016 S, 2017 WL 2954536, at *1 (D.R.I. July 11, 2017); Martinez v. Boyd, No. CA 08-345 ML, 2009 WL 1269753, at *1 (D.R.I. May 6, 2009).

    I recommend that Plaintiff's motions (Clervrain I, 20-00535WES, ECF Nos. 12, 13; Clervrain III, 22-cv-00124WES, ECF Nos. 15, 16) be denied because they are hopelessly out of time. That is, judgment entered against Plaintiff in Clervrain I on April 19, 2021, which is over three and half years ago, and in Clervrain III on May 10, 2022, which is over two and a half years ago. I further recommend that Plaintiff's motions be denied because, like all of Plaintiff's filings in this Court, they not only are extremely lengthy (586 pages), but also because they consist entirely of rambling and incomprehensible allegations similar to those the Court previously dismissed as frivolous. Having scoured their content, I find nothing that discernably could be interpreted as grounds for reopening these cases, including nothing referencing the reasons for amending or altering a judgment in Fed. R. Civ. P. 59 and/or the reasons for relieving a party from a judgment in Fed. R. Civ. P. 60(b). I further recommend that the Court issue the same Order that was entered in Clervrain II – that Plaintiff is hereby barred from making any additional filings in each of these matters and that the Clerk is directed to return any future proposed filing with a copy of this Order.

    Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in

a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 14, 2024