UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MANETIRONY CLERVRAIN, et al.,      :
    Plaintiffs,                                :
                                                   :
                                                   :        C.A. No. 22-124JJM
v.                                                     :
                                                   :
GINA RAIMONDO, et al.,                     :
    Defendants.                               :
_____ :

**REPORT AND RECOMMENDATION
RECOMMENDING DENIAL OF MOTION
TO PROCEED IN FORMA PAUPERIS ON APPEAL**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On May 19, 2026, *pro se*[1] Plaintiff Manetirony Clervrain filed an appeal of my 2024

recommendation (which the Court adopted) that his motion to reopen this and other cases be

denied. See Clervrain v. McKee, C.A. Nos. 20-535WES & 22-124WES, 2024 WL 4785142, at

*2 (D.R.I. Nov. 14, 2024), adopted by text orders (D.R.I. 22-124WES: Dec. 17, 2024 & 20-

535WES: Feb. 21, 2025).  Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") in

this district court action had been denied based on the summary dismissal of the complaint for

failure to state a claim and as frivolous in 2022.  Clervrain v. Raimondo, C.A. No. 22-124WES,

2022 WL 1157475, at *2 (D.R.I. Apr. 19, 2022), adopted by text order (D.R.I. May 10, 2022).

Seemingly in connection with the 2026 appeal, Plaintiff has filed a motion for leave to proceed

IFP, which has been referred to me.[2]  ECF No. 19.  Because my determination is that it should be

---

[1] In considering Plaintiff's arguments, the Court has afforded Plaintiff the leniency due to any *pro se* litigant.  See De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

[2] Plaintiff is subject to an order barring additional filings in this district court action.  Text Order of Dec. 17, 2024. Because I have interpreted the IFP motion as related to Plaintiff's appeal, I have not directed that it be returned but rather recommend that it be considered by the Court.

denied, I am proceeding by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

When a litigant was not permitted to proceed *in forma pauperis* in a district court action, the Court may authorize an appeal "without prepayment of fees or security therefor," 28 U.S.C. § 1915(a)(1), when a litigant follows the procedural requirements of Fed. R. App. P. 24(a)(1) by submitting an affidavit to the district court that (A) shows "the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."  To proceed IFP on appeal without paying fees or costs, the litigant's appeal must also be taken in good faith.  28 U.S.C. § 1915(a); see Coppedge v. United States, 369 U.S. 438, 445 (1962); Sanchez v. Brown Univ. Health, No. 1:25-cv-00075-LM-TSM, 2025 WL 1779157, at *2 (D.R.I. June 27, 2025), approved, 2025 WL 2262895 (D.R.I. Aug. 7, 2025).  Rule 24(a)(1)(A) requires that the affidavit conform to the detail required by Form 4 of the Appellate Rules Appendix of Forms.

The first reason why Plaintiff's IFP motion should be denied is the failure of his proffered affidavit to supply the information required by Form 4 and Fed. R. App. P. 24(a)(1) about his inability to pay, his entitlement to redress and his issues on appeal.  Indeed, far from establishing the inability to pay, Plaintiff's affidavit acknowledges that he is employed and has income from a business, profession or other self-employment yet it supplies no information regarding his income.  ECF No. 19 at 1-2.  Based on these material deficiencies, I recommend that the Court deny Plaintiff's motion to proceed IFP on appeal.

The second reason is more substantive – Plaintiff's IFP motion should be denied because the appeal lacks merit and is not taken in good faith.  See 28 U.S.C. § 1915(a); Miguel v. Wall, C.A. No. 15-281ML, 2016 WL 11652896, at *1 (D.R.I. Feb. 16, 2016), adopted, 2016 WL 11652898 (D.R.I. Mar. 25, 2016).  "Good faith for purposes of § 1915(a)(3) is judged by an

objective standard; that is, whether the litigant 'seeks appellate review of any issue not frivolous.'" Smith v. 6th Div. Dist. Ct., C.A. No. 22-131JJM, 2022 WL 2704210, at *1 (D.R.I. June 21, 2022) (quoting DuLaurence v. Telegen, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016)), adopted by text order (D.R.I. July 15, 2022), affirmed, No. 22-1329, 2022 WL 19763141 (1st Cir. Dec. 5, 2022). "An appeal is deemed frivolous when it is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." Ausar v. Coyne-Fague, C.A. No. 22-150 WES, 2023 WL 5726382, at *2 (D.R.I. Aug. 9, 2023) (internal quotation marks omitted), adopted by text order (D.R.I. Aug. 24, 2023), certificate of appealability denied, No. 23-1550 (1st Cir. Aug. 12, 2025). In this case, the Court has found that Plaintiff's complaint was frivolous. Clervrain, 2022 WL 1157475, at *2. Similarly, the Court denied Plaintiff's motion to reopen following dismissal because the motion was hopelessly out of time and consisted of "rambling and incomprehensible allegations similar to those the Court previously dismissed as frivolous[,]" with "nothing that discernably could be interpreted as grounds for reopening these cases." Clervrain, 2024 WL 4785142, at *2. Accordingly, I recommend that the IFP motion be denied because the appeal is not taken in good faith.

Based on the foregoing, I recommend that the Court find that Plaintiff's IFP application fails to conform to Fed. R. App. P. 24(a) and that his appeal is not taken in good faith and deny his IFP motion (ECF No. 19). Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma,

Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168

(1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 27, 2026